UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-280-GWU

| | |
|---|---|
| ELVA J. ABNER, | PLAINTIFF, |
| VS. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | DEFENDANT. |

### INTRODUCTION

Elva Abner brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

>   Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

08-280  Elva J. Abner

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

08-280  Elva J. Abner

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  <u>Id.</u>  Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to

4

08-280 Elva J. Abner

make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

5

a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

08-280 Elva J. Abner

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Abner, a 53-year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to spinal stenosis L4-L5 with disc bulge, chronic obstructive pulmonary disease, a history of deep vein thrombosis, anxiety, and depression. (Tr. 12, 18). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 15). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 18-19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally climb ladders, ropes or scaffolds; (2) a need to avoid concentrated exposure to

08-280 Elva J. Abner

excessive humidity levels or to pulmonary irritants such as fumes, odors, dust, and gases; (3) a need to avoid exposure to hazards; and (4) a limitation to simple instructions and jobs requiring adaptation to only simple changes. (Tr. 49). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). The ALJ presented a second hypothetical question including an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop, bend or crouch; (3) the need for a sit/stand option; and (4) the same mental and environmental restrictions as the prior hypothetical question. (Tr. 49-50). Bradford again identified a significant number of jobs which could be performed. (Tr. 50). The ALJ later inquired as to the affect of a limited ability to move about or travel. (Id.). The witness indicated that this was somewhat vague but indicated that the cited jobs would not require much walking. (Tr. 50-51). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Abner's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Mark Burns examined Abner and opined that she would not be restricted in performing such activities as sitting,

8

standing, lifting, carrying, handling objects, hearing, seeing or speaking. (Tr. 232). Traveling and moving about would be limited in an unspecified way. (Tr. 233). The hypothetical question was essentially consistent with this opinion. Dr. Robert Brown, a non-examining Medical Reviewer, indicated that the plaintiff would be limited to light level work restricted from a full range by inability to more than occasionally climb ladders, ropes or scaffolds and would need to avoid concentrated exposure to humidity, fumes, odors, gases and poor ventilation. (Tr. 277-284). The ALJ's findings were also compatible with this opinion. No treating or examining source, including the staff at the Knox County Hospital (Tr. 149-152, 174-216, 315-343), the staff at Barbourville Family Health (Tr. 153-173, 261-264, 344-354), and the staff at the Baptist Regional Medical Center (Tr. 265-276) reported the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Abner argues that the limitations regarding her chronic obstructive pulmonary disease were inadequate. As noted by the plaintiff, the ALJ included a restriction concerning a need to avoid exposure to excessive humidity and environmental irritants as a result of this impairment. The claimant does not cite what additional limitations would be required and none were indicated in the medical record. Therefore, the court must reject Abner's argument.

08-280  Elva J. Abner

The ALJ also dealt properly with the evidence relating to Abner's mental condition. Dr. Kevin Eggerman examined the plaintiff and diagnosed a generalized anxiety disorder. (Tr. 226). Dr. Eggerman indicated that the claimant would be "mildly" limited in handling detailed instructions and responding appropriately to routine work changes, "mildly to moderately" limited in interacting with the public, supervisors and co-workers, and "moderately" limited in responding to work pressures. (Tr. 227). The mental factors of the hypothetical question were essentially consistent with these restrictions. Psychologist Edward Stodola reviewed the record and opined that Abner did not suffer from a "severe" mental impairment. (Tr. 247). Psychologist Lea Perritt, another reviewer, only indicated that the plaintiff would be "moderately" limited in understanding, remembering and carrying out detailed instructions. (Tr. 308). Dr. Chintamani Vora saw the claimant in the course of treatment and did not impose more severe mental restrictions than those found by the ALJ. (Tr. 218-221). These reports provide substantial evidence to support the administrative decision.

Psychologist Pamela Starkey also examined Abner. Starkey indicated that the plaintiff would need nine months of mental therapy before she would be able to return to work. (Tr. 292). The ALJ rejected this opinion because it was inconsistent with other language in the examiner's opinion as well as other evidence of record relating to the claimant's mental condition. (Tr. 14). Abner asserts that this action

nana

08-280  Elva J. Abner

was erroneous.  However, Starkey was not a treating source and her opinion was offset by that of Dr. Eggerman.  Therefore, the ALJ acted properly in rejecting the opinion.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of June, 2009.

Signed By:

**G. Wix Unthank**

**United States Senior Judge**